ERWIN McKINNIS AND WIFE, EMMA McKINNIS v. WELL DRILLERS, INCORPORATED

No. 6921DC302

(Filed 23 July 1969)

**Vendor and Purchaser § 2— expiration of contract to purchase realty — right of purchaser to recover excess payments**

 In an action to recover alleged excess payments upon a contract executed in 1962 to purchase real estate at a price of $8,275, the contract providing that after plaintiffs made weekly payments of $20 for a two-year period the defendant would execute and deliver to plaintiffs a deed to the property in return for their note and deed of trust for the balance of the purchase price, plaintiffs' evidence that they continued to make payments after the expiration of two years and that defendant continued to accept the payments without delivering the deed, although indicating an intention by the parties to consummate a purchase and sale of the property after expiration of the contract, *is held* insufficient to show an extension of the contract in the absence of evidence of the terms of the extension; consequently, defendant's execution and delivery of the deed to plaintiffs in 1967 in consideration of plaintiffs' payment of $4,390 constituted a new and fully executed contract, thereby precluding recovery by plaintiffs.

APPEAL by defendant from *Billings, J.,* 27 January 1969 Session, FORSYTH District Court.

Plaintiffs bring this action to recover, upon the theory of unjust enrichment of defendant, alleged excess payments upon a contract to purchase real estate from defendant.

Plaintiffs' evidence tends to show that plaintiffs executed an offer to purchase and defendant executed an acceptance of the offer on 26 May 1962. The offer provided for the purchase of the real estate described therein for a total of $8,275.00 payable in weekly payments of $20.00 for a period of two years. It provided that, after the payments for the two-year period, defendant would execute and deliver to plaintiffs a deed to the property in return for their note and deed of trust for the balance of the purchase price. There was further provision in the offer and acceptance respecting the application of the weekly payments to rent in the event of default in payment according to the terms.

Plaintiffs' evidence tends to show that they moved into the house in June 1962 and thereafter made the weekly payments for the balance of the year. Their evidence tends to show that they made the weekly payments throughout the calendar year 1963. Their evidence tends to show that they made payments of $60.00 per month in 1964, plus some unidentified additional payments. Their evidence tends to show there was some vague conversation with defendant in

1964 concerning what balance was due, but there was no evidence as to amounts claimed by either plaintiffs or defendant.

Plaintiffs' evidence tends to show that during 1965 they paid defendant a lump sum of $1,500.00, and that they disagreed with defendant as to the balance due; but there was no evidence of the amount claimed to be due by either plaintiffs or defendant.

Plaintiffs' evidence tends to show that during the years 1965 and 1966 they paid the sum of $60.00 monthly. There is no evidence of monthly payments during the year 1967. Plaintiffs' evidence tends to show that in September 1967 they received from defendant a deed to the property and paid to defendant a sum in excess of $6,000.00 as the balance due; however, the complaint and answer establish that this final payment was $4,390.00, not $6,000.00.

Defendant offered no evidence.

From the finding and conclusion that plaintiffs paid defendant $695.00 in excess of the amount provided for in the 1962 contract, and that defendant had been thereby unjustly enriched in the sum of $695.00, defendant appealed.

*Green, Teeter & Parrish, by Carol L. Teeter, for plaintiffs-appellees.*
*David P. Mast, Jr., for defendant-appellant.*

BROCK, J.

We note with interest that according to plaintiffs' complaint, they paid a total of $10,250.00 for the property; according to plaintiffs' uncontradicted evidence, they paid in excess of $11,300.00 for the property; and according to the judge's findings of fact, they paid a total of $8,970.00 for the property. We are unable to reconcile these differences. However, it does not seem necessary to do so in order to dispose of this appeal.

It appears from plaintiffs' evidence that there was a dispute between plaintiffs and defendant as to the balance due on the purchase price at the time the deed was executed in 1967. Plaintiffs rely wholly upon the purchase price being established at $8,275.00 as set out in the 1962 offer and acceptance. However, the 1962 offer and acceptance by its terms was to be performed on or before the expiration of two years from its effective date, which would have been in April or May of 1964. The record is absolutely silent as to an agreement to extend the 1962 contract, or as to the terms of any extension. Assuming *arguendo*, but specifically not deciding, that a

contract required by the statute of frauds to be in writing may be extended by implication from the conduct of the parties, it would appear from their conduct that plaintiffs and defendant intended to consummate a purchase and sale of the property after the expiration of the 1962 contract. However, the record does not reveal any terms of extension, implied or otherwise. Therefore, upon this record, we hold that plaintiff has failed to show an extension of the 1962 contract.

At the time of the execution of the deed to plaintiffs in 1967, plaintiffs accepted defendant's computation of the balance due, under whatever agreement it was calculated, and paid to defendant the balance as computed, and accepted the deed. This constituted a new and fully executed contract. Plaintiffs do not contend there was fraud, undue influence, or a mutual mistake; they contend only that they made a mistake. Indeed they do not seek rescission of the contract; they only seek to recover a sum of money that they paid by reason of what they allege to be a mistake on their part.

As stated above, this record does not support a finding that the 1962 contract was extended; therefore the only evidence upon which a calculation of correct purchase price can be made was the conduct of the parties in the execution of the deed in consideration of the payment of a balance due in the sum of $4,390.00.

We do not discuss the propriety of the nature of the action undertaken to be prosecuted by plaintiffs. Suffice it to say, that upon this record plaintiffs have failed to establish a cause of action for relief against defendant.

Defendant's motion for nonsuit should have been allowed.

Reversed.

CAMPBELL and MORRIS, JJ., concur.